Case 2:15-cv-03567-AB-AGR Document 23 Filed 10/27/15 Page 1 of 12 Page ID #:186

SNELL & WILMER L.L.P.
Glenn Trost (Cal. Bar No. 116203)
gtrost@swlaw.com
Marjorie Witter Norman (Cal. Bar No. 250061)
mnorman@swlaw.com
350 South Grand Avenue
Suite 2600
Two California Plaza
Los Angeles, California 90071
Telephone: 213.929.2500
Facsimile: 213.929.2525

Attorneys for Defendant
G&G Outfitters, Inc.

IT IS SO ORDERED.
DATED: 10/29/15
Alicia G. Rosenberg
UNITED STATES MAGISTRATE JUDGE

NOTE CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

CHRISTOPHER GORDON,

Plaintiff,

v.

G&G OUTFITTERS, INC., et al.,

Defendants.

Case No. 2:15-cv-03567-AB-AGR

**STIPULATION FOR PROTECTIVE ORDER**

Judge: Hon. Andre Birotte Jr.
Courtroom: 4

Disclosure and discovery activity in *Christopher Gordon v. G&G Outfitters, Inc.*, 2:15-cv-03567-AB-AGR is likely to involve production of confidential, proprietary, trade secret, or private information for which special protection from public disclosure and from use for any purpose other than this litigation may be warranted. The parties agree that, in light of the foregoing, good cause exists for the issuance of a protective order pursuant to Fed. R. Civ. P. 26(c). Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited

Case 2:15-cv-03567-AB-AGR Document 23 Filed 10/27/15 Page 2 of 12 Page ID #:187

information or items that are entitled to confidential treatment under the applicable legal principles. The parties to the Gordon Case further acknowledge, as set forth below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

Any person subject to this Order -- including without limitation the parties to the above-titled action ("this action"), their representatives, agents, experts and consultants and all persons acting in concert or participation with them, and all other persons with actual or constructive notice of this Order -- shall adhere to the following terms:

1. Any person subject to this Order who receives any "Discovery Material" (i.e., information of any kind provided in the course of discovery) that is designated as "Confidential" or "Highly Confidential" pursuant to the terms of this Order shall not disclose such Confidential or Highly Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The entity producing any given Discovery Material ("Designating Entity") may designate as Confidential only such portion of such material as consists of non-public information that the Designating Entity, in the ordinary course of business, would not disclose to the public or to its competitors, including but not limited to:

a. non-public financial information (including without limitation revenues, margins, costs, profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

b. non-public material relating to ownership or control of any company;

c. non-public business plans, product development information, or marketing plans;

      d.    any information of a personal or intimate nature regarding any individual;

      e.    non-public research and development information;

      f.    confidential, proprietary, and/or trade secret information; or

      g.    any other category of information hereinafter given confidential status by the Court.

3.    The Designating Entity may designate as Highly Confidential only such Confidential Discovery Material as consists of information that derives independent economic value, actual or potential, from not being generally known or readily ascertainable by other persons or entities who might obtain an economic value from its disclosure or use, including, but not limited to, trade secrets, non-public business, financial or technical information, non-public research and development information, business plans relating to future or proposed operations, product development information, and marketing plans. The parties are hereby ordered to only identify information that they in good faith believe properly fits within the definition of "Highly Confidential".

4.    All "Confidential" and "Highly Confidential" Discovery Material produced in the course of this action shall be used by the party or parties to whom the information is produced solely for the purposes of this action and any appeal from an order or judgment entered in this action, and shall not be used for any other purpose.

5.    The Designating Entity shall designate appropriate Discovery Material as "Confidential" or "Highly Confidential" by stamping or otherwise clearly marking and/or otherwise clearly designating such material as "Confidential" or "Highly Confidential". With respect to Discovery Material that is contained in a medium that preserves data in an electronic format such as a hard drive, CD or DVD, the Designating Entity may designate such material as "Confidential" or "Highly Confidential" by clearly marking as "Confidential" or "Highly



Confidential" either the entire medium, or as may be reasonable each page, of the Discovery Material to which the Designating Entity wishes such designation to apply.

6. With respect to testimony given in deposition, ~~or in other pretrial or trial proceedings,~~ the Designating Entity may identify on the record all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Entity may invoke on the record that the entire transcript shall be treated under an appropriate designation. The Designating Entity shall have 21 days after the receipt of the transcript to designate those portions of the transcript that it wishes to designated under categories set forth in this Order. Alternatively, a Designating Entity may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "Confidential Information Governed by Protective Order" or "Highly Confidential Governed by Protective Order" as appropriate. Any other party or third-party that has provided corresponding testimony may object to such designations, in writing or on the record. Upon such objection, the procedures described in paragraph 12 below shall be followed. After any designation made according to the procedures set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved. Any party may make any Discovery Material available for inspection prior to marking, and failure to mark such Discovery Material prior to inspection shall not prejudice such party's right to designate such Discovery Confidential or Highly Confidential subsequent to the inspection and prior to producing such materials to any other party.

7. Except with prior written consent of the Designating Entity producing the Discovery Material, or upon an order of the Court obtained upon notice to all parties and affected persons, no person subject to this Order other than the

Designating Entity shall disclose any of the Discovery Material designated as "Confidential" or "Highly Confidential" to any person except to:

a. the Court (including clerks and other Court personnel);

b. only with respect to Confidential Discovery Material, employees of each party who have a need to know such information, are potential witnesses and/or are assisting such party in the conduct of this action, provided each such person has first executed the Acknowledgement of Non-Disclosure Under Protective Order in the form attached as Exhibit A hereto (excluding in-house counsel);

c. outside counsel who have been retained specifically for this action, including any paralegal, contract attorney, clerical and/or administrative assistant or staff-member employed or engaged by such counsel;

d. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy, provided each such person has first executed the Acknowledgement of Non-Disclosure Under Protective Order in the form attached as Exhibit A hereto;

e. any person (not including any current or former employee of a party) retained by a party to serve as an expert witness or otherwise provide specialized advice or assistance to counsel in connection with this action (including translators, non-testifying experts, accountants, litigation support contractors and forensic analysts or consultants), provided such person shall personally and on behalf of his or her employees execute a copy of the Acknowledgement of Non-Disclosure Under Protective Order in the form attached as Exhibit A hereto before being shown or given any Confidential or Highly Confidential Discovery Material, and provided that the party shall give notice to all other parties in the lawsuit and any Designating Party, before disclosing any Confidential or Highly Confidential Discovery Material to that individual. Notice under this subparagraph shall consist of a written identification of the individual that is proposed to receive the

Confidential or Highly Confidential Discovery Material. Any objection shall be made within ten (10) business days of the notice, and shall be accompanied by a reasonably detailed explanation of the basis of the objection. Within five (5) business days of receiving the objection, the party who wishes to disclose the confidential information to the individual shall provide a reasonably detailed response. The parties and the Designating Party (and any other affected person) shall thereafter promptly meet and confer in good faith in an attempt to resolve the objection. If an agreement is not reached as a result of the meet and confer, the person/party seeking the disclosure shall have the right to move the Court for an order requiring such disclosure. If any such objection(s) are raised, no such Confidential or Highly Confidential Discovery Material shall be disclosed to the proposed witness/expert witness until such objection is lifted and/or the Court orders that any such information be disclosed;

f. stenographers and videographers engaged to transcribe and record depositions conducted in this action, provided each such person has first executed the Acknowledgement of Non-Disclosure Under Protective Order in the form attached as Exhibit A hereto; and

g. any document duplication, imaging or coding vendor retained by a party to process discovery materials in this case, provided that a representative of that vendor personally and on behalf of the vendor and its employees and agents execute a copy of the provided each such person has first executed the Acknowledgement of Non-Disclosure Under Protective Order in the form attached as Exhibit A hereto before being shown or given any Confidential or Highly Confidential Discovery Material.

8. Discovery Material designated as “Confidential” or “Highly Confidential” shall not be given, shown, made available or communicated in any way to any person or entity other than those persons described in this Order, and for the purposes described in this Order.



Case 2:15-cv-03567-AB-AGR Document 23 Filed 10/27/15 Page 7 of 12 Page ID #:192

9. Discovery Material designated as "Highly Confidential" shall not be given, shown, made available or communicated in any way to any person or entity other than those persons described in subparagraphs 7(a), 7(c), 7(d), 7(e), 7(f), 7(g) of this Order, and for purposes described in this Order.

10. Prior to any disclosure of any Confidential or Highly Confidential Discovery Material to any person referred to in paragraph 7 above, other than court personnel, such person shall be provided a copy of this Protective Order and shall sign the Acknowledgement of Non-Disclosure Under Protective Order in the form attached as Exhibit A hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed nondisclosure agreement and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first. This paragraph is not intended to alter the procedures set forth in subparagraph 7(e) above.

11. If at any time prior to the trial of this action, a party or person realizes that some portion(s) of Discovery Material was produced without a confidentiality designation when that material is entitled to be designated as Confidential or Highly Confidential by that party or person, that party or person may so designate the Discovery Material by apprising all parties in writing of the new designation, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential or Highly Confidential as appropriate, under the terms of this Order. Once a party receives notice of the claimed re-designation under this paragraph, that party shall make reasonable efforts to minimize the effect of any prior distribution of the materials to persons not entitled to receive such re-designated materials in accordance with paragraphs 7, 9, and 10. These efforts shall include obtaining all copies of the materials which, prior to the re-designation, had been distributed to persons no longer entitled to receive such materials.

12. If a party contends that any material is not entitled to confidential treatment, or wishes material originally designated as Highly Confidential to be re-designated as Confidential, or seeks limited disclosure of otherwise protected material, or otherwise desires some relief from the obligations imposed by this Order, such party may at any time give written notice to the opposing party and any person who designated any affected Discovery Material. The written notice shall provide a reasonably specific description of the nature of relief sought and the basis for the request. The parties and any affected person shall thereafter promptly meet in good faith to resolve the request, and in no event more than ten (10) days following the written notice (unless otherwise agreed upon among the parties). If agreement is not reached within seven (7) days from the date such meet and confer, the party seeking relief may move the Court for an order re-designating the material, or permitting limited disclosure of otherwise protected material, or providing the desired relief from this Order. The party or person seeking to maintain the protected status of the affected material shall have the burden of establishing that the material is entitled to protection.

13. Notwithstanding any challenge pursuant to paragraph 12 to the designation of material as Confidential or Highly Confidential, all information shall be treated in accordance with its designated level of protection until: (a) the party or person claiming confidential status withdraws such designation in writing; (b) the party or person claiming confidential status fails to oppose a motion for an order under paragraph 12; or (c) the Court enters an Order in accordance with paragraph 12.

14. Any party or person subject to this Order, who intends to file or lodge with the Court (or submit to chambers) any Confidential or Highly Confidential Discovery Material, or any pleading, motion or other papers that disclose such Confidential or Highly Confidential Discovery Material, shall do so in compliance with the rules for filing documents under seal pursuant to Local Rule 79-5. The

parties will use reasonable efforts to minimize the amount of material filed, lodged or submitted under seal. The parties understand that designation of documents as Confidential and Highly Confidential does not entitle the parties to have those documents filed under seal. Any application to file documents under seal must comply with Local Rule 79-5 and the parties must make the appropriate showing.

15. Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential, other than court personnel, shall take appropriate precautions to prevent the unauthorized or inadvertent disclosure of such material.




16. The inadvertent production of any attorney-client privilege or the attorney work-product immunity shall be governed by Rule 26(b)(5) of the Federal Rules of Civil Procedure.

17. If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated in this action as Confidential or Highly Confidential, the Receiving Party must so notify the Designating Party, in writing (by fax and email) promptly and in no event more than ten (10) calendar days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order. The Receiving Party also must promptly inform in writing the party who caused the subpoena or order to issue that some or all the material covered by the subpoena or order is the subject of this Protective Order. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Designated Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

18. This Protective Order shall survive the termination of the litigation. Within 120 days of the final disposition of this action (including any and all appeals), all Discovery Material designated by any other party or third party as "Confidential" or "Highly Confidential" and all copies thereof (including any notes, records, memoranda, summaries, compilations, or other materials incorporating Confidential or Highly Confidential Discovery Material) other than materials or information constituting or contained in unsealed pleadings, court filings, correspondence, and trial and deposition transcripts, shall either be promptly returned to the producing person, or destroyed within the time period, upon consent of the party who provided the information, and the party destroying the materials shall certify in writing within thirty (30) days that the documents have been destroyed. Notwithstanding the foregoing, counsel of record for the parties may retain a copy of all such documents for archival purposes in its files.

19. ~~This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.~~

**IT IS SO STIPULATED.**

DATED: October 27, 2015

SJS Counsel, APC

*/s/ Samuel J. Smith*
Samuel J. Smith
Attorneys for Christopher Gordon

DATED: October 27, 2015

SNELL & WILMER LLP

*/s/Marjorie Witter Norman*
Glenn Trost
Marjorie Witter Norman

Attorneys for G&G Outfitters, Inc.

I hereby attest pursuant to Civil L.R. 5-4.3.4(a)(2) that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: October 27, 2015

SNELL & WILMER LLP

/s/Marjorie Witter Norman
Glenn Trost
Marjorie Witter Norman
Attorneys for G&G Outfitters, Inc.

Case 2:15-cv-03567-AB-AGR Document 23 Filed 10/27/15 Page 12 of 12 Page ID #:197

**EXHIBIT A**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

CHRISTOPHER GORDON,

Plaintiff,

v.

G&G OUTFITTERS, INC., et al.,

Defendants.

Case No. 2:15-cv-03567-AB-AGR

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

Judge: Hon. Andre Birotte Jr.
Courtroom: 4

I, ___________________________, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential. I agree that I will abide by the terms of the Protective Order and will not disclose such Confidential or Highly Confidential Discovery Material to anyone other than for purposes of this litigation, and I agree that at the conclusion of the litigation, I will promptly return all discovery information to the party or attorney from whom I received it.

By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Central District of California for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Date: ______________________ ______________________________

Printed Name